Alejandro E. Figueroa, Esq.
California Bar No. 332132
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Fax: (630) 575-8188
alejandrof@sulaimanlaw.com
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHAN SCHAR,<br><br>  Plaintiff,<br><br>  v.<br><br>CAL COAST CREDIT SERVICE, INC,<br><br>  Defendant, | Case No.  1:21-cv-01902<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT

NOW comes JONATHAN SCHAR ("Plaintiff") by and through the undersigned attorney, complaining as to the conduct of CAL COAST CREDIT SERVICE, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788 *et seq.,* for Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692 and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion the events or omissions giving rise to the claims occurred within, the Northern District of California.

## PARTIES

4. Plaintiff is a consumer over the age of 18 residing in Clearlake, California, which is located within the Northern District of California.

5. Defendant is a third party debt collector claiming to provide "Full Service Billing and Agency Collections to Legal Action Recovery for Health Care Accounts, Property Management Accounts, and Professional Services."[1] Defendant is a corporation organized under the laws of the state of California with its principal place of business located at 1142 State Farm Drive, Santa Rosa, California 95403.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. The instant action arises out of Defendant's attempts to collect on a personal debt ("subject consumer debt") Plaintiff is said to owe to Armed Force Pest Control.

8. The subject consumer debt was incurred for Plaintiff's personal and household use.

---

[1] http://www.calcoastcreditservice.com/

2

9. Upon information and belief, Defendant acquired the collection rights to the subject consumer debt after Plaintiff's purported default.

10. On or about March 11, 2021, Plaintiff received a call to his cellular phone, (707) XXX-3062, from Defendant.

11. During this call, rather than explain to Plaintiff that it was a debt collector attempting to collect upon the subject debt and that any information obtained would be used for that purpose, Defendant instead began immediately demanding payment from Plaintiff in connection with the subject debt.

12. Plaintiff became confused and distressed as a result of Defendant's conduct, as he did not incur any obligation directly with Defendant, leading Plaintiff to wonder who Defendant was in regards in to the subject debt.

13. Additionally, Defendant was rude and harassing towards Plaintiff during its call, belittling and berating Plaintiff in connection with its efforts to collect the subject debt from Plaintiff.

14. Frustrated and confused over Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding his rights, resulting in expenses and expended resources.

15. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

16. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, emotional distress, confusion as to the nature of Defendant's collection efforts, deprivation of substantive information necessary to form an intelligent response to Defendant's collection efforts, material risk of harm to Plaintiff's interests protected by the FDCPA, and numerous violations of Plaintiff's state and federally protected interests to be free from harassing and deceptive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff repeats and realleges paragraphs 1 through 16 as though fully set forth herein.

18. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

19. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

20. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

21. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as they arise out of transactions due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA §1692d**

22. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

23. Defendant violated § 1692d through its harassment of Plaintiff during the conversation occurring on or about March 11, 2021. During this call, Defendant was rude and harassing towards Plaintiff, further belittling Plaintiff while attempting to collect a debt form him. Such conduct engaged in by Defendant had the natural consequence of harassing, oppressing, or abusing any person in connection with the collection of a debt.

    **b. Violations of FDCPA § 1692e**

24. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

> "The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action." 15 U.S.C §1692e(11).

26. Defendant violated §1692e, e(10), e(11) through its failure to inform Plaintiff of who it was or the purpose of its phone call on or about March 11, 2021. Regardless of whether this conversation was the initial or subsequent communication between the parties, Defendant did not provide any of the disclosures required by 15 U.S.C. § 1692e(11). Defendant's failure to do so deceptively and misleadingly deprived Plaintiff of substantive information to which Plaintiff was entitled, causing Plaintiff concrete harm.

   c. **Violations of FDCPA § 1692f**

27. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

28. Defendant violated §1692f when it unfairly and unconscionably harassed Plaintiff during its calls with Plaintiff.

29. Defendant further violated § 1692f when it unfairly failed to provide Plaintiff with vital information as to who Defendant was and why it was calling Plaintiff.

30. As pled in paragraphs 18 through 20, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff JONATHAN SCHAR, respectfully request that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

33. The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

34. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

    **a. Violations of RFDCPA § 1788.10 – 1788.17**

35. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

36. As outlined above, through their unlawful conduct in attempting to collect upon the subject consumer debt, Defendant violated 1788.17; and §§1692 d, e, and f. Defendant employed a series of deceptive and unconscionable means while attempting to collect the subject consumer debt as outlined above.

37. Defendant willfully and knowingly violated the RFDCPA through its egregious collection efforts. Defendant's willful and knowing violations of the RFDCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, JONATHAN SCHAR, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

f. Award any other relief as the Honorable Court deems just and proper.

Dated: March 18, 2021                    Respectfully submitted,

/s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
California Bar No. 332132
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
Fax: (630) 575-8188
alejandrof@sulaimanlaw.com
*Counsel for Plaintiff*